UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**LEXINGTON**

DEBORAH WRIGHT, )
)
    Plaintiff, )
)
v. ) Civil Action No. 5:04-407-JMH
)
)
GOOD SEAFOOD, INC., ) **MEMORANDUM OPINION AND ORDER**
)
    Defendant. )

**\*\*   \*\*   \*\*   \*\*   \*\***

This matter is before the Court on Plaintiff Deborah Wright's motion for extension of time in which to effect service on Defendant Good Seafood, Inc. [Record No. 7].

Plaintiff's counsel just recently became involved in this litigation and did not obtain the case file in this matter from Plaintiff's former counsel until late April. After perusing the file, Plaintiff's newly-retained counsel discovered that the original summons had been returned to the Clerk's office unexecuted and that Defendant had in fact never been served with process. Plaintiff notes that dismissal of this action, even without prejudice, would prove fatal to Plaintiff's claims because the statute of limitation has now run.

Regarding the time limit for service of process, the Federal Rules of Civil Procedure state in relevant part:

> "If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after

> notice to the plaintiff, shall dismiss the
> action without prejudice as to that defendant
> or direct that service be effected within a
> specified time; provided that if the plaintiff
> shows good cause for the failure, the court
> shall extend the time for service for an
> appropriate period."

Fed. R. Civ. P. 4(m). Where good cause is shown, the Court "*shall*
allow additional time,*" and "even if there is no good cause shown,"
the Court may still "relieve a plaintiff of the consequence[]" of
dismissal. Fed. R. Civ. P. 4(m), Advisory Committee Note (emphasis
added). Additionally, "[r]elief may be justified, for example, if
the applicable statute of limitations would bar the refiled
action." *Id.*

The Court, in its discretion, finds that Plaintiff's request
for an extension of time in which to effect service is warranted.
Because the statute of limitation has run on this cause of action,
dismissal of Plaintiff's suit, even if without prejudice, would
prove fatal to Plaintiff's claims. Additionally, the Court chooses
not to impose the harsh consequence of dismissal on Plaintiff in
light of an error by Plaintiff's former counsel, which Plaintiff's
current counsel diligently and in a timely fashion attempts to
rectify.

Accordingly,

**IT IS ORDERED:**

(1)  that Plaintiff's motion for extension of time in which to
effect service on Defendant [Record No. 7] be, and the same hereby

is, **GRANTED**;

   (2)  that Plaintiff shall have up to and including thirty (30) days following entry of this Order in which to effect service of process on Defendant.

   This the 11th day of May, 2005.



**Signed By:**

_**Joseph M. Hood**_

**United States District Judge**